IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| JEROME ANDREW BURNETT, | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil No. 25-1068-BAH |
| EDWARD A. GARMATZ UNITED STATES DISTRICT COURTHOUSE, | * | |
| Defendant. | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM AND ORDER

Plaintiff Jerome Andrew Burnett ("Plaintiff") filed the above-captioned complaint pro se together with a motion for leave to proceed in forma pauperis, ECF 2,[1] which shall be granted.  On April 11, 2025, Plaintiff filed an amended complaint, *see* ECF 5, which is now the operative complaint.  *See Young v. City of Mt. Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) (noting that amended pleadings supersede original ones except for limited purpose not applicable here).

Section 1915(e)(2)(B) of 28 U.S.C. requires this Court to conduct an initial screening of this complaint and dismissal of any complaint that (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *see also Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1723 (2020).  The Court is mindful of its obligation to construe liberally a complaint filed by a self-represented litigant.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege

---

[1] Unless otherwise noted, citations to ECF documents refer to documents filed in this action (Civ. No. 25-1068-BAH).

facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented").  "The frivolousness inquiry ensured that federal resources would not be wasted on 'baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit.'" *Nagy v. FMC Butner*, 376 F.3d 252, 255 (4th Cir. 2004) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).  The Supreme Court has held that a complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325.  In determining whether a complaint or claim is frivolous, district courts "conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." *Nagy*, 376 F.3d at 257.  Here, upon reviewing Plaintiff's amended complaint (and original complaint), the Court determines that it is frivolous and will be dismissed.

Plaintiff brings suit against the Edward A. Garmatz United States District Courthouse ("Garmatz Courthouse") for alleged violations of Titles II and V the Americans with Disabilities Act ("ADA"), violations of the First, Fifth, Seventh, and Fourteenth Amendments to the United States Constitution (brought pursuant to 42 U.S.C. § 1983), and 18 U.S.C. § 242, a federal criminal statute that prohibits the deprivation of rights by an individual acting under color of law "on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens," stemming from filings in a different civil action with the same Plaintiff before another judge of this Court.  *See* ECF 5, at 2.

Plaintiff appears to assert that maintaining ECFs 20, 38, and 39 on the docket in Civ. No. 1:23-00376-JRR violates the above-listed statutes and constitutional provisions and "present[s] sedition and treason against the People's legal right to all laws." *See* ECF 5, at 4.  Those documents

are the motion to dismiss filed by the defendant, Aldi, Inc., Maryland, in that case, and the memorandum opinion and order granting the motion to dismiss. *See* ECFs 20, 38, and 39 in Civ. No. 1:23-00376-JRR. Plaintiff does not explain how these filings relate to any asserted disability, but he did file with his original complaint a copy of a Social Security Administration administrative law judge's 2019 decision finding him disabled, *see* ECF 1-2, and that case did involve alleged ADA violations that Judge Rubin ultimately dismissed. *See* ECF 38 in Civ. No. 1:23-00376-JRR, at 11–19.

As relief, in his original complaint, Plaintiff sought "$100,000,000.00[ ]USD in Federal/State Bonds to be owned by Jerome Andrew Bumett (Plaintiff) for 30 years/paid by the defendant (Check compensation will be placed in bank and utilized to purchase bonds). Once 30 years have ela[ps]ed, the bonds will be 'cashed out' and Defendant may have the cashed out amount back." ECF 1, at 7. The amended complaint omits any section on relief sought, *see generally* ECF 5, but Plaintiff does seek the removal of ECFs 20, 38, and 39 from the docket in Civ. No. 1:23-cv-00376, *see* ECF 5, at 4. The Court discusses the viability of Plaintiff's claims in turn.

Title II of the ADA provides that: "Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Critically, however, a "public entity" is defined as only state or local governments (or instrumentalities thereof) or the National Railroad Passenger Corporation or another "commuter authority." *Id.* § 12131(1)(A)–(C). This title is therefore inapplicable to the Garmatz Courthouse, even to the extent the Court can construe the

claim as being brought against the Court, as a federal entity that provides services, rather than the courthouse building.

Title V of the ADA prohibits retaliation "against any individual because such individual has opposed any act or practice made unlawful by [the ADA] or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [the ADA]." 42 U.S.C. § 12203(a). Plaintiff here has not alleged that he has engaged in any activity protected under the ADA or that he was retaliated against because of that activity. This is also true of the Title II claim: Even if Title II were applicable, Plaintiff has not alleged any facts from which the Court could infer that he was denied any benefit by reason of his disability. There are simply no facts alleged or inferences the Court could make to find that the filing of a motion to dismiss and the issuance of a memorandum opinion and order ruling on that motion, even in a case involving ADA violations, comes close to violating any of Plaintiff's rights under the ADA.

42 U.S.C. § 1983 provides "a method for vindicating federal rights." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quotation omitted). It allows suits against any "person" acting under color of state law who subjects the claimant to "the deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983. To the extent Plaintiff attempts to allege constitutional violations against the Garmatz Courthouse under § 1983, the Garmatz Courthouse is not a "person" capable of being sued under this statute. *See Fisher v. Cir. Ct. Baltimore Cnty.*, Civ. No. DLB-23-1112, 2023 WL 4175357, at *1 (D. Md. June 26, 2023) (citing *Oliva v. Boyer*, 163 F.3d 599 (4th Cir. 1998) (Table); *Mumford v. Zieba*, 4 F.3d 429, 435 (6th Cir. 1993)).

To the extent Plaintiff seeks to bring suit against Judge Rubin (or any other judge, for that matter) for damages for alleged constitutional violations suffered in the course of Civ. No. 1:23-

00376-JRR, such a suit is barred by judicial immunity.  Judges "are not liable to civil actions for their judicial acts," including under § 1983, "even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978) (quoting *Bradley v. Fisher*, 13 Wall. 335, 351 (1872)); *see also Dean v. Shirer*, 547 F.2d 227, 231 (4th Cir. 1976).  "If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits." *Forrester v. White*, 484 U.S. 219, 226–27 (1988).  "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991).  Judicial immunity can only be overcome if the suit is for a judge's non-judicial acts, or the judge, acting in the course of their judicial duties, "acted in the 'clear absence of all jurisdiction.'" *Stump*, 435 U.S. at 357 (quoting *Bradley*, 13 Wall. at 351).  Plaintiff has not alleged any facts (nor does the Court discern any) that would make judicial immunity inapplicable here, where Plaintiff's complaint appears to center on the Court, in its completely regular course of duties, having ruled adversely against Plaintiff upon a motion of the adverse party.

Finally, 18 U.S.C. § 242 is a criminal statute and does not provide a private right of action. *See Turner v. Beal*, No. 18-cv-100, 2018 WL 10156104, at *2 (E.D. Va. Oct. 12, 2018) ("Although Plaintiff refers to three federal statutes, 18 U.S.C. § 242, 18 U.S.C. § 245, and 18 U.S.C. § 249, in an apparent attempt to justify the Court's exercise of federal question jurisdiction in this matter, these statutes are criminal statutes that do not provide for private causes of action."), *aff'd*, 748 F. App'x 565 (4th Cir. 2019).

To the extent Plaintiff's complaint can be construed as a request to seal or strike ECFs 20, 38, and 39 from the docket in Civ. No. 1:23-00376-JRR, effectively removing them from public

view, such action is not warranted. "Under common law, there is a presumption of access accorded to judicial records." *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988) (citing *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 597 (1978)). While "[t]his presumption of access[] . . . can be rebutted if countervailing interests heavily outweigh the public interests in access," *id.*, Plaintiff here has not presented the Court with any such countervailing interests that would warrant shielding these documents from public view.[2]

Plaintiff's central contention appears to rest on the premise that the three referenced documents on the docket in Civ. No. 1:23-00376-JRR erroneously applied the law. *See* ECF 5, at 4 (warning that if the documents "are not removed from the Court . . . , the [C]ase [N]o. 1:23-cv-00376 will be utilized as 'case law' references"). Such an assertion is the province of appeal. Notably, the Fourth Circuit dismissed Plaintiff's appeal in Civ. No. 1:23-00376 for lack of jurisdiction as untimely noticed. *See* ECF 48 in Civ. No. 1:23-00376-JRR. Because Plaintiff's amended complaint lacks an arguable basis in law, it will be dismissed as frivolous with prejudice.[3]

Accordingly, it is this 16th day of April, 2025, by the United States District Court for the District of Maryland, hereby ORDERED that:

---

[2] "Where the First Amendment guarantees access," for example, to particular judicial records like documents filed with motions for summary judgment or certain documents related to plea or sentencing hearings, an even higher standard applies and "access may be denied only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988) (citing *Rushford,* 846 F.2d at 253).

[3] The Court takes judicial notice that on January 24, 2025, Judge Rubin issued an order directing Plaintiff to "cease and desist communications to the undersigned other than via proper paper filing on the public docket through the Clerk's office or via the ECF system of this court." ECF 47 in Civ. No. 1:23-00376-JRR, at 3. The order was prompted by Plaintiff's "pattern [after the case was closed] of sending inappropriate and harassing email communications to [Judge Rubin's] Chambers—communications that range in context from ad hominem attacks and threats to [Judge Rubin's] (and other judges of this court), to statements about why, in his view, the court's treatment of his case was contrary to law." *Id.* at 1.

1. Plaintiff's motion to proceed in forma pauperis, ECF 2, is GRANTED;

2. Plaintiff's amended complaint is DISMISSED as frivolous;

3. The Clerk is directed to SEND a copy of this order to Plaintiff; and

4. The Clerk is directed to CLOSE this case.


_____/s/_____

Brendan A. Hurson
United States District Judge